IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL THURLOW JOHNSON,

        Petitioner,

  v.

PAULA MYERS, Superintendent,
South Fork Forest Camp,

        Respondent.

Case No. 3:10-01326-HU

FINDINGS AND RECOMMENDATION

Todd H. Grover
233 S.W. Wilson Ave., Suite 204
Bend, Oregon 97702

    Attorney for Petitioner

Ellen Rosenblum
Oregon Attorney General
Nick M. Kallstrom
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's

1 -- FINDINGS AND RECOMMENDATION

habeas petition should be denied, and this proceeding dismissed, with prejudice.

## BACKGROUND

On May 24, 2005, petitioner was indicted in Clackamas County Case No. 05-00881 on charges of Theft in the First Degree (9 counts), Identity Theft (3 counts), and Possession of a Controlled Substance in the Second Degree (2 counts). Resp. Exh. 102. In a second proceeding (case no. 05-01494), petitioner was indicted on one additional charge of Theft in the First Degree, and one count of Burglary in the Second Degree. Id.

On October 28, 2005, petitioner pled guilty to nine counts of Theft in the First Degree, one count of Identity Theft, and one count of Burglary in the Second Degree (pursuant to a plea agreement which provided for a sentence within the range of 52 to 130 months). See Resp. Exhs. 103 & 104. Petitioner subsequently was sentenced to ten consecutive terms of incarceration (and one concurrent) totaling 130 months. Resp. Exh. 101.

Petitioner did not file a direct appeal. Petitioner sought state post-conviction relief (PCR) challenging his conviction in case no. 05-00881, on grounds of ineffective assistance of counsel and trial court error. The Honorable Linda Bergman denied post-conviction relief, with the exception that the sentence on count 12 was amended "to allow temporary leave and all other alternative incarceration programs." Resp. Exh. 132 at 2. The Oregon Court of

2 -- FINDINGS AND RECOMMENDATION

Appeals affirmed, without opinion, and the Oregon Supreme Court denied review. Johnson v. Blacketter, 236 Or. App. 239, 236 P.3d 152, rev. denied, 349 Or. 56 (2010).

In the instant proceeding, petitioner sets forth the following grounds of ineffective assistance of counsel and trial court error:

(1) Petitioner was denied effective, adequate assistance of counsel as follows:

    (a)   failing to demur to the indictment;

    (b)   failing to object to the trial court's amendment of the indictment;

    (c)   failing to object to prosecutorial misconduct;

    (d)   failing to object to the trial judge's participation in the plea negotiations;

    (e)   failing to ensure that petitioner's plea was voluntary, knowing, and intelligent; and

    (f)   failing to advise petitioner that possession of another person's identification does not satisfy the elements of identity theft.

(2) The trial court violated petitioner's rights to a fair trial, due process, and equal protection as follows:

    (a)   facilitating and participating in the plea negotiation process;

    (b)   amending the indictment;

    (c)   altering the plea and sentencing transcripts.[1]

///

///

---

[1] Petitioner has withdrawn all other grounds for relief. See Pet.'s Memo. (#33).

3 -- FINDINGS AND RECOMMENDATION

## DISCUSSION

I. **Procedural Default of Trial Court Error Grounds**.

Respondent moves the court to deny habeas relief on petitioner's allegations of trial court error on the basis that they were not fairly presented to the state courts. Respondent argues that claims of trial court error should have been raised on direct appeal, and presentation of those claims to the post-conviction court, in a procedural context in which they would not be considered, does not constitute a "fair presentation" for exhaustion purposes. Under the facts of this case, I disagree.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appellate stages afforded under state law. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim. Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005); Casey, 386 F.3d at 916. A claim is not "fairly presented"

4 -- FINDINGS AND RECOMMENDATION

if it is presented in a procedural context in which the merits will not be considered absent special circumstances. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989). However, a claim is exhausted if the relevant State court expressly addresses the claim, whether or not it was fairly presented. <u>Casey</u>, 386 F.3d at 916 n.18.

Respondent correctly notes that, under Oregon law, most trial court errors must be raised by direct appeal to the Oregon Court of Appeals and Supreme Court. <u>Kellotat v. Cupp</u>, 719 F.2d 1027, 1030 (9th Cir. 1983). In the instant proceeding, however, the State waived any objection to consideration of petitioner's *pro se* post-conviction petition which raised both ineffective assistance of counsel *and* trial court errors. Further, in rendering its decision, the PCR court expressly noted that it was ruling on both the *pro se* and formal petitions. For all of these reasons, it appears that the state PCR court considered and ruled on petitioner's trial court error claims, rendering those claims properly exhausted.[2] <u>Casey</u>, 386 F.3d at 916 n.18.

///

///

///

---

[2] In any event, this court may deny habeas relief on the merits, notwithstanding a petitioner's failure to exhaust his available state remedies. 28 U.S.C. § 2254(b)(2). For the reasons set forth below, habeas relief is not warranted on petitioner's claims of trial court error.

5 -- FINDINGS AND RECOMMENDATION

II. **The Merits**.

    A. **Ineffective Assistance of Counsel**.

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987). The Supreme Court has applied this two-part analysis to ineffective assistance claims arising out of the plea process. See Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012); Hill v. Lockhart, 474 U.S. 52, 59 (1985). Proof of prejudice, in the context of a guilty plea, requires a showing that, but for counsel's error, petitioner would not have pleaded guilty and would have insisted on going to trial. Premo v. Moore, 131 S.Ct. 733, 743 (2011); Hill, 474 U.S. at 59.

    1. **Failing to Demur to the Indictment**.

Petitioner contends that trial counsel was ineffective for failing to object to the indictment on the basis that counts 1, 2, 3, 5, 11, 12, and 15 did not sufficiently identify the stolen property, and were "susceptible to challenge under then-existing Oregon law." Petition at 4; Pet.'s Sur-Reply (#45) at 3. In order to prevail on this claim, petitioner must demonstrate that counsel's failure to demur fell below an objective standard of

6 -- FINDINGS AND RECOMMENDATION

reasonableness and, had the demur been filed, there is a reasonable probability that it would have been granted. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986); <u>Styers v. Schriro</u>, 547 F.3d 1026, 1029 & n.5 (9th Cir. 2008).

At the state post-conviction proceeding, trial counsel attested that he did not demur to the indictment because "it was not vague" and "[t]he items of property alleged to have been stolen were specified in each count." Resp. Exh. 117 at 1. The post-conviction court agreed, concluding that there were "[n]o grounds for demurrer." Resp. Exh. 132 at 2.

This court must defer to the state court's interpretation and application of Oregon law except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue. <u>Mendez v. Small</u>, 298 F.3d 1154, 1158 (9th Cir. 2002); <u>Peltier v. Wright</u>, 15 F.3d 860, 862 (9th Cir. 1994); see also <u>Dunn v. Kilmer</u>, 2011 WL 3298064 *3 (D.Or. Aug. 1, 2011) (PCR court's conclusion that, under Oregon law, there was no basis for trial attorney to raise objection is not subject to review by federal habeas court); <u>Corpuz v. Coursey</u>, 2011 WL 5361068 *4 (D.Or. Jul. 27, 2012) (same); <u>Davis v. Belleque</u>, 2010 WL 4026101 *2 (D.Or. Aug. 4, 2010), <u>aff'd</u>, 465 Fed.Appx. 728 (9th Cir. 2012) (same). Accordingly, I defer to the PCR court's conclusion that there were no grounds to demur to the indictment under Oregon law. Additionally, I reject petitioner's characterization of this

7 -- FINDINGS AND RECOMMENDATION

conclusion as an unreasonable *finding of fact*. See Pet.'s Memo. at 26-27.[3]

In light of the PCR court's conclusion that there were no grounds for a demur under state law, petitioner cannot demonstrate that trial counsel was ineffective for failing to file a demur, or that he suffered prejudiced thereby. See Styers, 547 F.3d at 1030 n. 5 (petitioner claiming ineffective assistance of counsel for failure to file a particular motion must demonstrate likelihood of prevailing on the motion). Accordingly, the state courts' rejection of this ground is neither contrary to, nor an unreasonable application of, clearly established federal law.

2. **Failing to Object to Amendment of the Indictment**.

Petitioner contends that trial counsel was ineffective for failing to object to the trial court's imposition of consecutive sentences based upon its finding that the charges of conviction arose from separate and distinct criminal episodes. Petitioner argues that, despite his stipulation in the plea agreement to that very fact, the trial judge was constrained from finding that each

---

[3] In any event, petitioner has failed to demonstrate that the indictment was not definite and certain under applicable Oregon law because the indictment tracked the pertinent wording of the statute defining the crime and any imprecision could be cured by pretrial discovery. See State v. Molver, 233 Or. App. 239, 246-48, 225 P.3d 136 (2010); State v. Wright, 167 Or. App. 297, 311, 999 P.2d 1220 (2000).

count arose from a separate incident because, to do so, effectively amended the indictment.

Based upon my independent review of the record,[4] I reject petitioner's assertion that the trial judge's acceptance of the parties' plea agreement effectively amended the indictment. As noted by respondent, the indictment did not specify that the offenses were part of the same criminal episode or course of conduct, but rather alleged that petitioner committed theft by receipt of property belonging to separate victims. Moreover, even if I accept petitioner's characterization of the trial judge's sentence as an amendment of the indictment, this ground fails because petitioner *stipulated that the charges arose from separate and distinct criminal episodes* **as part of his plea agreement.** Resp. Exh. 104 at 15-16. In light of this stipulation, petitioner cannot demonstrate that, but for trial counsel's failure to object, he would not have pled guilty.

3.  **Failing to Object to Prosecutorial Misconduct.**

Petitioner contends that trial counsel was ineffective for failing to object to prosecutorial misconduct during plea negotiations. Pet.'s Memo. (#33) at 30. Specifically, petitioner

---

[4] It is worthy of note that, to the extent that the PCR court did not set forth its rationale for rejecting *any* of petitioner's claims, I have given the record an independent review. See Crittenden v. Ayersm 624 F.3d 943, 960 (9th Cir. 2010).

9 -- FINDINGS AND RECOMMENDATION

argues that the prosecution failed to honor a pre-trial cooperation agreement after petitioner provided information about 17 additional burglaries or thefts in which he and/or others were involved. <u>Id.</u> at 31-32.

At the post-conviction proceeding, petitioner's trial counsel, Daniel Woram, attested to the circumstances of the plea negotiations as follows:

> Petitioner agreed to help the police, in exchange for a promise that they would put in a good word for him. Once he got that agreement, however, he said 'Screw it; I'm not going to be named as a CRI [confidential reliable informant]." He was afraid that he would pay a price for it, when his compatriots found out that he had cooperated with the police."

Resp. Exh. 117 at 3.

Similarly, in a letter from Attorney Woram to the Oregon State Bar (offered as an exhibit in the state post-conviction proceeding), counsel described the plea negotiation process as follows:

> Mr. Johnson was provided with the opportunity to accept the State's original offer dated June 27, 2005. This would have been a stipulated sentence of 78 months in jail with alternative sanctions available after 40 months. * * * Mr. Johnson wanted to obtain a better plea offer from the State. He informed me that he had invaluable information to provide to the State and would be willing to provide them with names of individuals and information on their criminal enterprises - if the State would consider a substantial reduction in his sentence.
>
> * * * Mr. Johnson had the opportunity to work with the Sheriff's Department and make himself valuable and thus potentially eliminate a prison sentence or reduce it substantially. ***In July - Mr. Johnson was willing to be***

10 -- FINDINGS AND RECOMMENDATION

> ***a witness against those he informed on, and also be named in a search warrant.***
>
> \* \* \* \* \*
>
> Mr. Johnson cooperated with Clackamas County Sheriff Detective David Kennell to the extent that Detective Kennell took Mr. Johnson out of Jail, and drove him around Clackamas County and showed him approximately 16 different businesses and residences that he had burglarized in addition to those charged in the Indictments - for which he received qualified immunity. Mr. Johnson provided the Detective with information on criminal activities of others - ***though then refused to be named in a search warrant or testify at a trial or grand jury.***
>
> In September, Mr. Stewart and I set up an appointment to discuss the status of Mr. Johnson's case. On September 21, 2005, Mr. Stewart and Detective Kennell came to my office and discussed the fact that Sam Johnson had refused to be named in a search warrant or to testify against others as he had previously agreed to do. I went to see Mr. Johnson in the jail the next day - September 22, 2005. ***He told me that he would not be named in a search warrant though he would testify against others. Obviously, Mr. Johnson's failure to cooperate with the State as he had previously agreed to do did not help him.***

Resp. Exh. 111 at 1-2 (emphasis added); see also Resp. Exh. 104 at 30-38. The Deputy District Attorney confirmed Attorney Woram's recollection of the plea negotiations. See Resp. Exh. 111 at 4-5.

Although petitioner represented to the trial court (at the time of his plea) that it was his "understanding from the very beginning, [that he] wasn't going to be named in an affidavit for a search warrant" (Resp. Exh. 104 at 37), the PCR court reasonably could conclude that counsel's recollection of the plea negotiations was more credible and, therefore, that the prosecution did not

11 -- FINDINGS AND RECOMMENDATION

engage in prosecutorial misconduct. Accordingly, based upon my independent review of the record, I conclude that the state court's rejection of this ineffective assistance claim is neither contrary to, nor an unreasonable application of, clearly established Federal law.

    **4. Failing to Object to Trial Judge's Participation in Plea Negotiations.**

Petitioner contends that trial counsel was ineffective for failing to object to an improper, *ex parte* discussion between the prosecutor and the trial judge prior to the sentencing hearing. Petitioner argues that the *ex parte* conversation is evidenced by a statement made by the prosecution during sentencing on count 12, when the prosecutor allegedly stated "Excuse me, Your Honor, this is the count we discussed." Pet.'s Memo. at 37; Resp. Exh. 131 at 4-5.

There is no evidence in the record to support petitioner's assertion that the prosecutor had *ex parte* contact with the trial judge before sentencing. At the state PCR hearing, Attorney Woram attested that the trial judge "had nothing to do with anything that occurred in this case." In the absence of some evidence that an objectionable *ex parte* contact occurred, the PCR court's rejection

of this ineffective assistance claim is neither contrary to, nor an unreasonable application of clearly established Federal law.[5]

> 5. **Failing to Advise Petitioner that Possession of Another Person's Identification does not Satisfy the Elements of Identity Theft.**

Petitioner contends that trial counsel was ineffective for failing to advise petitioner that possession of another's identification, without more, does not support a conviction for Identity Theft (which requires proof of an intent to deceive or defraud). Compare State v. Martin, 243 Or.App. 528, 533, 260 P.3d 197 (2011) (mere possession of personal identification of another not sufficient to demonstrate intent to deceive), and State v. McAtee, 245 Or.App. 233, 239, 261 P.3d 1284 (2011)(theft of wallet and decision to retain only ID card and credit card sufficient to prove intent to deceive). Absent from this claim, however, is any evidence that trial counsel did, in fact, fail to advise petitioner of the elements of identify theft. In this regard, I reject petitioner's assertion that Attorney Woram's attestation that "[t]his was the worst theft case I've ever had, in terms of having

---

[5] It is worthy of note that, in a letter to the Oregon State Bar, Deputy District Attorney Stewart denied having an *ex parte* discussion with the trial judge, but did recall meeting with Judge Thom *and* Defense Attorney Woman prior to the plea and sentencing hearing "to explain the rather complex plea offer." Respondent objected to the submission of this letter, however, because the letter was not part of the record before the state PCR court. Pet.'s Proposed Exh. 1. By separate order, I have denied petitioner's motion to expand the record to include this letter.

13 -- FINDINGS AND RECOMMENDATION

no defense, unsavory facts . . . and solid State's evidence" (Resp. Exh. 117 at 3), demonstrates that counsel did not properly advise petitioner of the elements of the offense and/or his right to challenge the state's evidence on each of these elements.

Moreover, petitioner has made no showing of prejudice, i.e., that but for trial counsel's omission, he would not have pled guilty and would have proceeded to trial. In this regard, the court notes that petitioner was not deposed prior to the PCR hearing (see Resp. Exh. 131 at 39) and did not present any other evidence to support a conclusion that, but for trial counsel's alleged omission, he would not have pled guilty. Accordingly, the PCR court's rejection of this ineffective assistance claim is neither contrary to, nor an unreasonable application of clearly established Federal law.

### 6. Failing to Ensure Plea was Voluntary, Knowing, and Intelligent.

Petitioner contends that trial counsel gave faulty advice respecting the strength of the State's case, the defenses he might raise, and the likely consequences of accepting the State's final plea offer. Specifically, petitioner argues that trial counsel did not realize that most of the theft charges in the indictment were subject to a demur; did not realize that the State lacked sufficient evidence to prove identity theft; and grossly

underestimated the sentence petitioner would receive. Pet.'s Memo. at 40.

This court has rejected petitioner's contentions that trial counsel was deficient in failing to demur to the indictment, or by failing to advise petitioner that mere possession of identification does not constitute identity theft. Petitioner's remaining allegation, that his plea was not knowing and voluntary because trial counsel gave faulty advice respecting the likely consequences of accepting the State's final plea offer, does not warrant habeas relief.

Petitioner signed a plea petition acknowledging that he had a full understanding of the charges to which he was pleading, that his plea was freely and voluntarily offered, and stipulating to a sentencing range of 52-130 months. Resp. Exh. 103, Addendum A. Petitioner acknowledged that "the judge is not required to follow anyone's recommendation, and it is possible that I could receive the maximum sentence." Resp. Exh. 103 at 1. Additionally, petitioner acknowledged that, if his lawyer told him he might receive a light sentence, "this is merely his prediction and is not binding on the Court." Id. 4. At the plea and sentencing hearing, petitioner confirmed that he understood the terms of the agreement, the applicable sentencing range, and denied that any other promises were made to him. Resp. Exh. 104 at 4-5.

15 -- FINDINGS AND RECOMMENDATION

At the post-conviction proceeding, defense counsel attested that petitioner "knew every detail of the plea agreement, and was actively involved in the process." Resp. Exh. 117 at 3. Counsel opined that "[t]here is absolutely no doubt in my mind that petitioner's plea was voluntarily, knowingly and intelligently made." Id. In a letter to the Oregon State Bar, trial counsel elaborated:

> Prior to the plea on Friday morning, I went up to the jail and went over the Plea Petitions with Mr. Johnson. * * * Mr. Johnson was well aware that I would not guarantee him a definite sentence.
>
> I did think it was more likely that Mr. Johnson would get the lower range sentence. As Mr. Johnson points out, his co-defendants in these cases received far less sentences then he did. It was my opinion that a Judge would sentence Mr. Johnson similarly. I was wrong. Mr. Johnson clearly knew that there was a reasonable possibility that he could receive the sentence that he did. Because the sentence was not guaranteed, we vigorously rehearsed his allocution to the sentencing Judge.
>
> I think it is necessary to point out that Mr. Johnson is extremely familiar with the legal system. He has on eight separate occasions plead guilty via Plea Petitions to felony crimes; with six of those being crimes of dishonesty.

Resp. Exh. 111 at 3.

Based on the foregoing, the post-conviction court reasonably could conclude that counsel's plea advice was constitutionally adequate, and that petitioner was not prejudiced by counsel's erroneous sentencing prediction because *both* the plea petition and court colloquy alerted petitioner to the discretionary nature of

16 -- FINDINGS AND RECOMMENDATION

his sentence within the specified range. See <u>Sexton v. Cozner</u>, 679 F.3d 1150, 1156-57 (9th Cir. 2012); <u>Womack v. Del Papa</u>, 497 F.3d 998, 1003-04 (9th Cir. 2007); <u>see also</u> <u>Sophanthavong v. Palmateer</u>, 378 F.3d 859, 868 (9th Cir. 2004)(ineffective assistance claim based on inaccurate sentence prediction requires proof of gross mischaracterization *and* erroneous advice on probable effects of going to trial). Petitioner similarly has not demonstrated that any errors of counsel had a cumulative effect which satisfy the prejudice component of <u>Strickland</u>. Hence, the state court's rejection of this claim is neither contrary to, or an unreasonable application of clearly established federal law.

**B. Due Process.**

Petitioner contends that his due process rights were violated by (1) the trial judge's participation in plea negotiations; (2) the trial judge's amendment of the indictment; and (3) alteration of the transcript. Petitioner's first two claims fail for the reasons set forth in section II(A)(2) and (4) above. Petitioner's claim that the transcript was altered does not warrant habeas relief in the absence of any evidence to support the claim.

**CONCLUSION**

Based on the foregoing, petitioner's habeas corpus petition (#1) should be DENIED, and this proceeding DISMISSED, with prejudice. Because petitioner has not made a substantial showing

of the denial of a constitutional right, a certificate of appealability should be DENIED.  See 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 4, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due March 21, 2013. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day of February, 2013.

Dennis J. Hubel
United States Magistrate Judge